FILED - GR
September 9, 2009 2:26 PM
TRACEY CORDES, CLERK
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY: _ald____/_____

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | | |
|---|---|---|
| **Jamie Klompstra,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) Hon. | **1:09-cv-834** |
| v. | ) | **Gordon J Quist** |
| | ) | **U.S. District Judge** |
| **Allied International Credit Corp.,** | ) | |
| **(US)**, a Delaware corporation, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**Complaint**

**I.   Introduction**

1.   This is an action for damages and declaratory relief, brought against a debt collector in response to the debt collector's abusive, deceptive and/or unfair debt collection practices which violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* and the Michigan Occupational Code ("MOC") M.C.L. § 339.901 *et seq.*

**II.   Jurisdiction**

2.   This Court has jurisdiction under 15 U.S.C. § 1692k(d) (FDCPA), and 28 U.S.C. § 1331. This Court has supplemental jurisdiction regarding plaintiff's state law claims under 28 U.S.C. § 1367. Declaratory relief is available pursuant to 28 U.S.C. § 2201. Venue in this judicial district is proper because the pertinent events took place here.

**III.   Parties**

3.   Plaintiff Jamie Klompstra is a natural person residing in Ottawa County,

1

Michigan. Ms. Klompstra is a "consumer" and "person" as the terms are defined and/or used in the FDCPA. Ms. Klompstra is a "consumer," "debtor" and "person" as the terms are defined and/or used in the MOC.

4. Defendant Allied International Credit Corp., (US) ("AIC") is a Delaware corporation. According to the AIC website (www.aiccorp.com), AIC maintains offices at 100 East Shore Drive, 3rd Floor, Glen Allen, Virginia 23059 and 2228 West Northern Avenue, Suite B202, Phoenix, Arizona 85021. AIC has a Certificate of Authority to Transact Business in Michigan. The registered agent for AIC in Michigan is CSC-Lawyers Incorporating Service (Company), 601 Abbott Road, East Lansing, Michigan 48823. AIC uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. AIC regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. AIC is a "debt collector" as the term is defined and/or used in the FDCPA. AIC is licensed (No. 2401001546) by the State of Michigan to collect debts in Michigan. AIC is a "collection agency" and "licensee" as the terms are defined and/or used in the MOC.

**IV.   Facts**

5. Ms. Klompstra had a credit account HSBC which she used to purchase goods and/or services for personal, family and household purposes. Any resulting obligation to pay money was a "debt" as the term is defined and used in the FDCPA and MOC.

6. Ms. Klompstra became disabled, unemployed, and unable to pay the debt.

7. Ms. Klompstra disagreed with HSBC regarding the amount of the debt.

8. Ms. Klompstra disputes the debt.

9. Ms. Klompstra refused to pay the debt.

10. In or about December 2008 HSBC supposedly charged off the account and related debt.

11. In or about May 2009, HSBC or a successor in interest supposedly hired AIC to collect the alleged debt from Ms. Klompstra.

12. Alternatively, AIC purchased the charged off account and related, alleged debt.

13. AIC telephoned Ms. Klompstra and left a message for Ms. Klompstra to telephone AIC.

14. In or about August 2009, Ms. Klompstra spoke by telephone with an AIC employee identified as Charles. The AIC employee demanded payment of the HSBC debt. In the ensuing conversation, the AIC employee made the following representations:

   a) If Ms. Klompstra did not make arrangements with AIC to pay the debt, then HSBC would sue Ms. Klompstra.

   b) Because Ms. Klompstra would not at that time make arrangements with AIC to pay the debt, AIC "in a couple hours" was going to do an asset and liability investigation on Ms. Klompstra, run her social security number through a database, and determine what property she owned and where she was employed.

Ms. Klompstra stated that before she could agree to any settlement, she needed to review her records regarding the legitimacy of the account and then determine what if anything she could afford to pay. Hearing that, the AIC represented that he would put a "twenty-four hour courtesy hold" on the account.

15. The AIC employee falsely threatened litigation.

16. The AIC employee falsely threatened to perform an "asset and liability

investigation" within a period of hours on Ms. Klompstra.

17. The AIC employee falsely represented or implied that Ms. Klompstra would suffer adverse consequences if she did not contact AIC within twenty-four hours.

18. In or about September 2009, Ms. Klompstra spoke by telephone with an AIC employee identified as Charles. The AIC employee demanded payment of the HSBC debt. In the ensuing conversation, the AIC employee made the following representations:

a) He worked in the AIC "Finalization Department."

b) AIC was recording the telephone call.

c) Derogatory information regarding the account was being reported on Ms. Klomptstra's credit report, possibly with all three credit bureaus.

d) HSBC had charged off the account and related debt in December 2008.

e) Derogatory information regarding the account would be reported on Ms. Klompstra's credit report for a period of seven to ten years from the date of charge off.

f) If Ms. Klompstra did not pay the debt, derogatory information regarding the debt would remain on Ms. Klompstra's credit for seven to ten years and would prevent Ms. Klompstra from purchasing a motor vehicle on credit, obtaining a home mortgage, or renting an apartment.

The AIC employee repeatedly asked Ms. Klompstra whether her credit was something she valued in her life. Ms. Klompstra provided the AIC employee with her current mailing address and repeated explained to the AIC employee that she had never received anything in writing from AIC and that the address to which AIC claimed to have sent letters to Ms. Klompstra was not her

place of residence when the letters were sent. Ms. Klompstra stated that she was unwilling to make payment arrangements with AIC until she received something in writing from AIC. Hearing that, the AIC employee repeatedly stated to Ms. Klompstra that AIC would not send a letter to Ms. Klompstra at her current address. Ms. Klompstra stated that she disputed the debt. Hearing that, the AIC employee made the following representations:

    g)    The time for Ms. Klompstra had come and gone.

    h)    Ms. Klompstra no longer had the right to dispute the debt

    i)    Ms. Klompstra was simply stalling.

    j)    AIC had not yet done an asset and liability investigation on Ms. Klompstra, but if an investigation is done and found to be collectable, then she would be sued for the full balance plus court costs.

    k)    The main thing Ms. Klompstra needed to be concerned about was being sued.

    l)    When Ms. Klompstra continued to state that she would dispute the debt until she received something in writing from AIC, the AIC employee stated that he had changed his mind and would begin an asset and liability investigation on Ms. Klompstra.

When Ms. Klompstra continued to state that she disputed the debt, the AIC employee represented or implied that Ms. Klompstra had taken the money under false pretenses and committed a crime.

    19.    The AIC employee falsely represented that he worked in the AIC "Finalization Department."

    20.    The Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, states that no consumer reporting agency may make any consumer report containing information regarding "accounts

placed for collection or charged to profit and loss which antedate the report by more than seven years." 15 U.S.C. § 1681c(a)(4). The running of the seven-year period begins "upon the expiration of the 180-day period beginning on the date of the commencement of the delinquency which immediately preceded the collection activity, charge to profit and loss, or similar action." 15 U.S.C. § 1681c(c)(1).

21. The AIC employee made false statements regarding the length of time for which derogatory information regarding the debt could be reported on Ms. Klompstra's credit report.

22. The AIC employee falsely represented or implied that if Ms. Klompstra did not pay the debt, for a period of up to ten years, she would be unable to finance the purchase of a motor vehicle, obtain a home mortgage, or rent an apartment.

23. AIC failed to send a timely notice to Ms. Klompstra as required by 15 U.S.C. § 1692g. AIC failed and refused to send the notice even after Ms. Klompstra explained to AIC that any prior notice sent by AIC went to the wrong address and even after Ms. Klompstra provided the AIC employee with her current residential mailing address.

24. The FDCPA does not require the consumer to provide *any reason at all* in order to dispute a debt. *Sambor v. Omnia Credit Servs.*, 183 F. Supp. 2d 1234 (D. Haw. 2002); (*Mendez v. M.R.S. Assoc.*, 2004 WL 1745779 *2 (N.D. Ill. Aug. 3, 2004) (a consumer is entitled to dispute the validity of a debt for a good reason, a bad reason, or no reason at all); *Whitten v. ARS National Servs. Inc.*, 2002 WL 1050320 *4 (N.D. Ill. May 23, 2002) (imposing a requirement that a consumer have a 'valid' reason to dispute the debt is inconsistent with FDCPA); *Castro v. ARS National Servs., Inc.*, 2000 WL 264310 (S.D.N.Y. Mar. 8, 2000); *Frey*

*v. Satter, Beyer & Spires*, 1999 WL 301650 (N.D. Ill. May 3, 1999); *DeSantis v. Computer Credit, Inc.*, 269 f.3d 159 (2nd Cir. 2001); *Mejia v. Marauder Corporation*, 2007 WL 806486 (N.D. Cal. 2007) (unlawful to suggest that proof of payment required for dispute).  The FDCPA allows the consumer to orally dispute a debt. *Brady v. The Credit Recovery Company, Inc.*, 160 F.3d 64 (1st Cir. 1998).

25. The FDCPA does not limit the time in which a consumer may dispute a debt.

26. The AIC employee falsely stated that the time for Ms. Klompstra to dispute the debt had passed.

27. The AIC employee falsely stated that Ms. Klompstra could not dispute the debt.

28. The AIC employee made false statements regarding the procedure for a consumer to dispute a debt.

29. The AIC employee made false statements regarding Ms. Klompstra's right to dispute the debt.

30. The AIC employee made false threats of litigation.

31. The AIC employee made false threats of performing an asset and liability investigation.

32. The AIC employee falsely represented or implied that Ms. Klompstra had committed a crime or other conduct in order to disgrace Ms. Klompstra.

33. The AIC employee misrepresented the character, amount and/or legal status of the debt.

34. The acts and omissions of AIC and its employee were done wilfully.

35. The AIC employee wilfully violated the FDCPA and MOC.

36. AIC employee wilfully violated the FDCPA and MOC.

37. As an actual and proximate result of the acts and omissions of defendant and its employee, plaintiff has suffered actual damages and injury, including but not limited to, fear, stress, mental anguish, emotional stress, and suffering for which she should be compensated in an amount to be established by jury and at trial.

## V. Claims for Relief

### Count 1– Fair Debt Collection Practices Act

38. Plaintiff incorporates the foregoing paragraphs by reference.

39. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include, but are not necessarily limited to, the following:

   a) Defendant violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which was to harass, oppress and abuse plaintiff in connection with the collection of a debt;

   b) Defendant violated 15 U.S.C. § 1692e by using false, deceptive and misleading representations and means in connection with the collection or attempted collection of a debt;

   c) Defendant violated 15 U.S.C. § 1692f by using unfair and unconscionable means to collect or attempt to collect a debt; and

   d) Defendant violated 15 U.S.C. § 1692g.

**Wherefore,** plaintiff seeks judgment against defendant for:

   a) Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

   b) Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3);

d) A declaration that defendants' practices violate the FDCPA; and

e) Such further relief as the court deems just and proper.

## Count 2 – Michigan Occupational Code

40. Plaintiff incorporates the foregoing paragraphs by reference.

41. Defendant has violated MCL § 339.901 *et seq*. Defendant's violations include, but are not necessarily limited to, the following:

a) Defendant violated M.C.L. § 339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt;

b) Defendant violated M.C.L. § 339.915(f) by misrepresenting in a communication with a debtor the following: (i) the legal status of a legal action being taken or threatened and (ii) the legal rights of a creditor or debtor; and

c) Defendant violated M.C.L. § 339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

**Wherefore,** plaintiff seeks judgment against defendant for:

a) Actual damages pursuant to M.C.L. § 339.916(2);

b) Treble the actual damages pursuant to M.C.L. § 339.916(2);

c) Statutory damages pursuant to M.C.L. § 339.916(2); and

d) Reasonable attorney's fees and court costs pursuant to M.C.L. § 339.916(2).

## Demand for Trial by Jury

Plaintiff demands trial by jury.

Dated: September 9, 2009

*/s/ Phillip C. Rogers*
Phillip C. Rogers (P34356)
Attorney for Plaintiff
40 Pearl Street, N.W., Suite 336
Grand Rapids, Michigan 49503-3026
(616) 776-1176
ConsumerLawyer@aol.com